**Donald James JENSEN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 49198.

Supreme Court of Minnesota.

May 4, 1979.

C. Paul Jones, Public Defender, and Ronald L. Haskvitz, Asst. Public Defender, University of Minnesota, Minneapolis, for appellant.

Warren Spannaus, St. Paul, William B. Randall, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.St. 609.245 (inflicting bodily harm while committing a robbery), and was sentenced by the trial court to a limited maximum term of 7 years and 6 months in prison. On this appeal from the order of the district court denying postconviction relief defendant contends that the evidence of his guilt was legally insufficient and that the trial court erred in admitting two statements he made to the police, in admitting certain other evidence, and in refusing to give an instruction on defense of another. We affirm.

1. Defendant's first contention is that the evidence was not legally sufficient. We hold that it was. The state's evidence indicated that the victim, a 50-year-old man who was intoxicated at the time, met defendant in downtown St. Paul late at night and recognized him from a prior employment-related meeting in 1974 to 1975. The victim agreed to accompany defendant, who was 28 at the time, to a hotel room for a drink and there defendant "rolled" the victim—that is, beat him and robbed him. Police officers responded immediately to a call and, after talking with the victim and the tenant of the room, who with a woman had witnessed the crime, went to a nearby bar and found defendant with the woman. The tenant corroborated the victim's testimony and defendant, in two statements he gave to police after being arrested, admitted that he had beaten the victim but denied robbing him. The victim's testimony was also corroborated by the admission of keys taken from the victim during the robbery; these keys were found in a search of the police van after defendant was transported to jail. Notwithstanding the fact that the victim was intoxicated at the time of the attack and the fact that he gave false information to certain friends or representatives of the defendant who contacted him before trial, we conclude that the evidence was sufficient to support the verdict.

2. Defendant makes two basic claims concerning the admission of the statements he gave to the police. First, he contends that the record of the Omnibus hearing inadequately showed that he had been read his *Miranda* rights and that he had waived them before he made his first statement, and that since the state failed to meet its burden of proving the statement admissible, it follows that the second statement also should not have been admitted because defendant would not have given it if he had not given the first statement. Second, defendant contends that with respect to both statements the prosecutor also failed to show that any waiver by defendant was voluntary.

At the Omnibus hearing the prosecutor did not call either of the officers who had elicited the first statement from defendant

but did call the officer who, on the following morning, had elicited a substantially similar statement from defendant. This officer testified that defendant appeared to be somewhat foggy as a result of having been intoxicated the night before and that accordingly he was very careful when he advised defendant of his *Miranda* rights to make sure that defendant understood them. He provided the only testimony at the hearing concerning the elicitation of the earlier statement, saying that the written report of one of the officers who obtained the statement indicated that a *Miranda* warning had been given and waiver obtained.

The prosecutor should have called at least one of the officers who elicited the first statement.[1] *State v. Fossen*, 255 N.W.2d 357 (Minn.1977). However, the officers did testify at trial and, in any event, the postconviction court ruled that the state had clearly met its burden of proving that the second was admissible and that since it was identical to the first one admission of the first one was at worst harmless error. As we stated in *State v. Linder*, 268 N.W.2d 734, 735 (Minn.1978), ordinarily "if the prosecutor shows that the warning was given and that defendant stated he understood his rights and then gave a statement, the state will be deemed to have met its burden of proof, unless there is other evidence indicating that there was no knowing, intelligent, and voluntary waiver." Here the testimony of the officer who questioned defendant the morning after the arrest was sufficient to prove that a warning was given and that defendant's waiver was voluntary. Significantly, he testified that defendant denied having any recollection of being arrested or taken to jail. In other words, this is not a case in which defendant felt that he had already given one statement and that it would not matter if he talked some more. Instead, defendant had no recollection of his prior statement and apparently would have given the second one even if he had not given the first one.

3. Defendant raises a number of issues relating to other evidence.

(a) First, he contends that the trial court erred in permitting the prosecutor to elicit testimony from the victim on redirect showing that his statement to the police was consistent with his trial testimony. We hold that the court did not err in permitting this, because defense counsel had impeached the victim on cross-examination by eliciting testimony that the victim had given inconsistent statements before trial. The matter is now covered by Rule 801(d)(1)(B), Rules of Evidence, which provides:

"(d) A statement is not hearsay if—

"(1) The declarant testifies at the trial or hearing and is subject to cross examination concerning the statement, and the statement is \* \* \* (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive."

(b) Defendant next contends that he was prejudiced by testimony of one of the officers who arrested him which suggested that he had had prior contact with defendant. Defendant argues that this testimony suggested to the jury prior criminal involvement by defendant. Actually, the testimony was that the officer had seen defendant intoxicated before in the bar in which he was arrested and that when he was arrested defendant was not as intoxicated. This testimony did not suggest prior crimes by defendant.

(c) Defendant also argues that he was prejudiced by a question in which the prosecutor asked an officer how he "established" that defendant was the one who beat the victim. We agree that the question was poorly phrased. However, the clear purpose of the question was to elicit the basis for the officer's going to the bar where defendant was arrested, and we therefore do not think defendant was unfairly prejudiced by it. Also, defense counsel did not object to the question or the testimony.

(d) Defendant's final contention concerning the evidence is that he was prej-

---

1. There is no evidence that either officer was unavailable and we express no opinion on whether the written report would have been adequate if both had been unavailable.

udiced by the act of the police in releasing to the victim the keys the defendant allegedly took from him. It was defendant's contention that the victim, who had been a passenger in the police van before defendant was, might have left the keys there; and defendant contends that if the defense had been able to examine the keys they would have been better able to determine whether the keys were large enough so that the officers would have found them when they frisked defendant before they put him in the van.

The record indicates that defendant never formally sought permission to examine the keys and that in fact the victim had them on his person at trial and they were still available if defendant had asked for permission to see them. Further, it is doubtful that the keys would have made a difference. The police testified that he searched the pockets of the victim when he first talked with him and that he did not have the keys. The officers also testified that, pursuant to normal procedures, they searched the van after the victim got out and before defendant was put in it and the keys were not in it.

█ 4. Defendant's final contention is that the trial court erred in refusing a request that he instruct the jury on reasonable use of force to defend another. The evidence did not support defendant's theory and therefore it was not error to refuse the instruction.

Affirmed.