STATE of Minnesota, COUNTY OF HENNEPIN, Respondent,

v.

Donald E. McCLAY, Appellant.

and

STATE of Minnesota, COUNTY OF HENNEPIN, Respondent,

v.

John SCRUGGS, Appellant.

Nos. 81–866, 81–867.

Supreme Court of Minnesota.

Oct. 6, 1981.

---

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Minneapolis, Anne Peek, Law Clerk, Minneapolis, for respondent.

Wm. R. Kennedy, Hennepin County Public Defender, David Knutson, Asst. Public Defender, Minneapolis, for appellants.

SHERAN, Chief Justice.

Upon our own motion we have consolidated two separate but related sentencing appeals by codefendants, each convicted on a guilty plea of aggravated robbery and each sentenced by the same judge to a longer prison term than provided by the Sentencing Guidelines Commission. Aggravated robbery is a severity level VII offense. The presumptive sentence for Scruggs, who had a criminal history score of two, was 41 months; the court sentenced him to 80 months. The presumptive sentence for McClay, who appeared at the time to have a criminal history score of three, was determined to be 49 months; the court, stating that it was doubling that, sentenced him not to 98 months but 108 months. The state now concedes that the criminal history score for McClay should have been two, the same as that for Scruggs, and that McClay's sentence should be limited to 82 months, double the presumptive sentence of 41 months. Both defendants, represented by the same attorney on appeal, claim that departure was unjustified. The state disagrees. We hold that departure was justified and, after modifying McClay's sentence to 80 months, the same as Scruggs, we affirm.

The robbery occurred on the morning of February 25, 1981, at the First Minneapolis Bank on Broadway and Emerson in North Minneapolis. McClay, holding a sawed-off shotgun, kept watch while Scruggs, armed with a revolver, ordered the tellers to fill some pillow cases with money, over $20,000 in all. As they were leaving, McClay grabbed the receptionist, Patricia Barnett, who is 5 feet tall and weighs only 95 pounds, and forced her to accompany them to the corner of the block where he released her. They then fled via the alley between Emerson and Dupont to the area of 15th, where they began throwing some items into a garbage can. Daniel Dobbert, out for a walk with his 3-year-old daughter, confronted them, eventually retreating into a garage when Scruggs pulled out his revolver. Scruggs apparently fired the revolver two times. He later claimed this was an accident. The bullets were never found, a fact he claims supports his contention that he never fired at the Dobberts. Scruggs and McClay were arrested a short time later but not before Scruggs pointed the gun at a man named Jones and at a police officer named Winther. Both men thereafter confessed their guilt in the robbery.

Both were charged with aggravated robbery, kidnapping, and possession of a sawed-off shotgun; Scruggs was also charged with three counts of assault in the second degree (one each for assaulting Dobbert, Jones, and Winther).

The plea agreement which defendants' attorney negotiated was dismissal of all other charges arising from the incident in exchange for straight pleas to the aggravated robbery. The state reserved its right to move for a departure in each case.

■ At separate hearings before the same judge, the state sought maximum 20-year terms for each defendant. In sentencing defendants, the trial court relied upon two of the aggravating factors listed on the nonexclusive list of such factors. Minnesota Sentencing Guidelines and Commentary, II.D.2.b. (1980).

The first of these is that "[t]he victim was particularly vulnerable due to age, in-

firmity, or reduced physical or mental capacity, which was known or should have been know to the offender." II.D.2.b.(1). There is no question but that the person abducted, Patricia Barnett, is a petite person and in certain situations her size might make her particularly vulnerable, but we do not believe she should be deemed any more vulnerable in the face of a gun than a larger person because a gun can kill either quite easily.

The second factor relied upon by the trial court was that Ms. Barnett was treated with "particular cruelty." II.D.2.b(2). In *State v. Schantzen*, 308 N.W.2d 484 (Minn. 1981), we held that gratuitous spraying of handcuffed robbery victims with mace constituted "particular cruelty" justifying departure. Here the abduction of Ms. Barnett was arguably similarly gratuitous, although McClay claimed he did it to facilitate the escape. Rather than focus on the abduction of Ms. Barnett, we believe the stronger justification for the departure is that, looking at the overall course of conduct, the robbery was a more aggravated kind of armed robbery than the typical one, with defendants putting more people in fear, kidnapping one person, and assaulting several others during their escape. That is, the conduct underlying the offense was particularly serious and represented a greater than normal danger to the safety of other people. *See also State v. Frost*, 306 N.W.2d 803 (Minn.1981).

■ Having concluded that departure was justified, we affirm Scruggs' sentence. The state concedes that McClay's sentence should be reduced to 82 months because the presumptive sentence was 41 months and the trial court stated its intent to impose a double sentence. Because Scruggs' sentence was 80 months, we believe McClay's should be reduced to 80 months also, rather than 82, because there is no justification in the record for giving him a longer sentence than Scruggs and because, as stated in the Statement of Purpose and Principles (Part I of the Sentencing Guidelines), equity in sentencing requires "that convicted felons simi-

lar with respect to relevant sentencing criteria ought to receive similar sanctions."

Affirmed as modified.