**STATE of Minnesota, Respondent,**

v.

**William Pierce BURGESS, Appellant.**

**No. 81–584.**

Supreme Court of Minnesota.

May 21, 1982.

Rehearing Denied July 23, 1982.

Douglas W. Thomson Law Firm, Robert D. Goodell and Paul C. Engh, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

OTIS, Justice.

Appellant was found guilty of two counts of aggravated robbery for aiding two friends in an early-morning aggravated robbery of a cashier and a customer at a convenience store in Roseville on December 7, 1980. The court sentenced appellant to two consecutive terms of 24 months each. Appellant seeks (1) reversal on the ground of insufficiency of the evidence; (2) a new trial on the ground it was error to admit evidence of statements made to police and others by an accomplice, who testified against appellant; or (3) a reduction of the sentence from 48 months to 24 months, which each of the two convicted accomplices received. We affirm.

1. Appellant's first contention is that the evidence of his guilt was legally insufficient. Appellant was the driver of the getaway car used by the two men who actually committed the robbery, John Schlesky and Jeffrey Ives. He was present in the car with the two robbers and a fourth man, John Witt, when the car was stopped just moments after the robbery, and made incriminating statements to the police after his arrest. Ives, who had already pled guilty to the robbery, also testified against appellant stating that (a) the four were close friends and had met at appellant's house before the robbery and planned it; (b) one of the masks and both of the guns used in the robbery were from appellant's home; and (c) appellant left the trunk unlatched so that the others could more readily put the guns, masks, and loot in it. We believe that this evidence was sufficient to support the verdict.

2. Appellant argues that the trial court prejudicially erred in admitting four pretrial statements by Ives which were consistent in varying degrees with his trial testimony. These statements were made after Ives had claimed, at the time he pled guilty, that appellant and Witt did not know a robbery was planned but thought that he and Schlesky were going to buy some marijuana. Appellant contends that the admission of these prior consistent statements violated Minn.R.Evid. 801(d)(1)(B).

At trial, Ives gave what he maintained was a completely truthful version of what happened. Over objection by defense counsel, Ives was permitted to testify that he told the police after his arrest that he did not wish to make a statement. Without objection Ives testified that after he was released from jail he was picked up by appellant and had a conversation with him and Witt and Schlesky at appellant's house. There it was agreed that Ives and Schlesky would claim that Witt and appellant had thought they were going only to purchase marijuana and did not know a robbery was planned. Without objection, Ives testified concerning his inconsistent statement when he pled guilty.

The prosecutor then questioned Ives about the first of his statements implicating appellant, a statement made to Maplewood police after Ives was arrested on a different charge, having entered a guilty plea to the robbery. Defense counsel objected on hearsay grounds when the prosecutor asked what Ives had told the Maplewood policeman. The trial court sustained the objection. When the prosecutor asked Ives if he had told the policeman anything which differed from his trial testimony, defense counsel objected, claiming that the question called for a conclusion and was without foundation. The objection was overruled and Ives answered in the negative.

The prosecutor then questioned Ives about his second statement implicating appellant, a statement made when appellant reappeared before the judge who accepted his guilty plea. Defense counsel objected as hearsay. The trial court overruled the objection. Ives then testified that he told the judge that appellant, but not Witt, was involved.

On cross-examination defense counsel reviewed, in detail, Ives' initial testimony before the judge when he pled guilty. He then reviewed the evidence suggesting that Ives was motivated to prevaricate when he talked with Maplewood police and when he testified the second time in connection with his guilty plea. He also went over, in detail, the ways in which testimony in connection with his guilty plea differed from his trial testimony, and moved into an area not opened up by the prosecutor on direct. This had to do with Ives' written statement to Roseville police following his testimony in connection with his guilty plea and his statement to the person preparing the presentence investigation report. Both of the latter statements were consistent with Ives' trial testimony, implicating not just appellant but also Witt.

On redirect the prosecutor offered, and over objection the court received, the written statement which Ives gave to police after his testimony in connection with his guilty plea. The prosecutor also offered that part of the presentence investigation report summarizing Ives' statement to the person preparing the report, to which no objection was made.

Although defense counsel objected on hearsay grounds to the question concerning Ives' first consistent statement, he did not object when the prosecutor asked Ives if that statement differed from his trial testimony.

Appellant raises the issue of whether, under Minn.R.Evid. 801(d)(1)(B),[1] a party may rehabilitate a witness, who has been impeached by a prior incriminating statement, by offering as substantive evidence a consistent statement made before the trial but after the prior inconsistent statement. *State v. La Bar*, 131 Minn. 432, 155 N.W. 211 (1915) supports appellant's position. There are a number of cases favorable to

appellant interpreting the identical federal rule. *See United States v. McPartlin*, 595 F.2d 1321, 1351 (7th Cir. 1979), and other cases cited in 4 D. Louisell and C. Mueller, *Federal Evidence* § 420 n. 16 (1980). There is also an authority for a contrary result. *See Id.*, n. 17. One such case discussed in 4 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 801(d)(1)(B)[01] 120–21 (1981), is *Hanger v. United States*, 398 F.2d 91 (8th Cir. 1968), *cert. denied*, 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969), a pre-rules case with facts similar to those in this case.

We have decided, however, that this is not an appropriate case for explicating the rule. It is clear that appellant was not prejudiced by the admission of the prior consistent statements. If none of the consistent statements had been elicited, the jury would have only known that Ives first said nothing to police, then with appellant concocted a story, thereafter gave testimony exonerating appellant, and finally changed his mind and testified at trial against appellant. It was to appellant's advantage that the full sequence of events be revealed so as to disclose Ives' inclination to commit perjury.

■ 3. Defendant's final contention is that his sentence should be reduced from 48 months (24 plus 24) to 24 months.

The presumptive sentence for aggravated robbery by a defendant who has a criminal history score of zero is 24 months. Under II.F., Minnesota Sentencing Guidelines and Commentary (1981), consecutive sentences "may be given" without departure, "When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines." *Id.* at 16. Here there were multiple victims and therefore consecutive sentencing is proper.

---

1. That rule provides:
    (d) A statement is not hearsay if—
    (1) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statment is * * (b) consistent with his testimony and is offered to rebut an express or implied charge against

him of recent fabrication or improper influence or motive.
Minnesota cases interpreting this rule include *Slater v. Baker*, 301 N.W.2d 315 (Minn.1981), and *Jensen v. State*, 278 N.W.2d 752 (Minn. 1979).

Appellant argues that his sentence had the effect of exaggerating the criminality of his conduct; that one of the purposes of the Sentencing Guidelines is to prevent convicted felons similarly situated from receiving disparate sentences; the policy is undermined by consecutive sentences, where Ives and Schlesky, who actually committed the robberies, received only 24-month prison terms, and appellant, who claims he did not anticipate a robbery received 48 months.

We agree that one of the purposes of the Sentencing Guidelines is to achieve equity in sentencing, *id.* at 1. We disagree, however, with appellant's contention that the record compels the conclusion he must receive punishment identical with that imposed on Ives and Schlesky. Ives and Schlesky each pled guilty to one count of aggravated robbery, the other being dismissed as part of the plea agreement. Appellant, on the other hand, was found guilty of two counts of aggravated robbery. The trial court in sentencing appellant stated that since he had planned the robbery and furnished the guns he was "principally responsible" for the commission of the crimes. We are satisfied that the court was justified in imposing the 48-month sentence.

Affirmed.