Willis DAVIS, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–339.

Supreme Court of Minnesota.

Sept. 30, 1982.

C. Paul Jones, Public Defender, and Mark Anderson, Asst. Public Defender, The New Law School, Univ. of Minn., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from an order denying postconviction relief from a sentence for the crime of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(e)(i) (1980). We affirm.

Petitioner, who is now 23, and his girlfriend were charged with criminal sexual conduct in the first degree, kidnapping, and aggravated robbery. Those charges were based on conduct occurring early on the morning of January 10, 1981, when petitioner and his girlfriend offered a woman a ride, then took her to their apartment, where petitioner forced her to participate in mutual cunnilingus with his girlfriend, to perform fellatio on him, and to submit to rectal and vaginal intercourse with him. The episode lasted about 5 hours and involved, in addition to the sexual assault, beating, threats of death, threats of turning the victim into a prostitute, and the forced taking of drugs.

The state, relying on evidence that petitioner's girlfriend may not have been a completely voluntary participant in the episode, agreed to dismiss the charges against her in exchange for her agreement to testify against petitioner. Thereafter, petitioner pleaded guilty to the charge of criminal sexual conduct in the first degree and the other two charges against him were dismissed.

The presumptive sentence for this offense, which is a severity level VIII offense, by one such as petitioner, who had a criminal history score of zero, is 43 months in prison. The trial court departed from the presumptive sentence and imposed an 86-month term.

Petitioner appealed directly from his sentence but then stipulated to a dismissal of that appeal. Subsequently, he raised the issue of the propriety of the departure in this postconviction proceeding.

It should be noted that this is not a postconviction proceeding in which petitioner seeks retroactive application of the Sentencing Guidelines to a conviction for a crime occurring before May 1, 1980, when the Guidelines became applicable. *See* Minn.Stat. § 590.01, subd. 3 (Supp.1981). Rather, this is a case in which time for a direct appeal has expired and the petitioner uses the postconviction procedure to seek a review of a sentence imposed pursuant to the Sentencing Guidelines.

Petitioner's main contention is that there were no aggravating circumstances justifying the doubling of the presumptive sentence. We need not decide whether each of the circumstances cited by the sentencing court would have justified the departure because we are satisfied that this is clearly a case involving "particular cruelty" in the commission of the offense. *State v. Martinez,* 319 N.W.2d 699 (Minn.1982).

Since the sentence of 86 months is double the presumptive sentence, the departure was not excessive in scope. *State v. Evans,* 311 N.W.2d 481 (Minn.1981) (filed after the sentence in this case was imposed).

Petitioner's claim that his sentence is unfair in view of the fact that charges against his girlfriend were dismissed is without merit. *State v. Burgess,* 319 N.W.2d 418 (Minn.1982).

Affirmed.