**STATE of Minnesota, Respondent,**

v.

**Daniel H. VAZQUEZ, Appellant.**

No. C4–82–135.

Supreme Court of Minnesota.

Feb. 18, 1983.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(d) (1982), for participating with friends of his in the gang rape of an 18-year-old woman. The trial court sentenced defendant to an executed prison term of 86 months, which is two times the 43 (41–45) month presumptive sentence established by the Minnesota Sentencing Guidelines for criminal sexual conduct in the first degree (a severity level VIII offense) by one with defendant's criminal history score (zero). On his appeal from judgment of conviction defendant seeks an outright reversal of his conviction on the ground that the evidence of his guilt was legally insufficient. Alternatively, he seeks a reduction of his sentence to 45 months, which is the sentence imposed by a different judge on an accomplice with the same criminal history score who pleaded guilty to criminal sexual conduct in the first degree. We affirm.

1. There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. The evidence against defendant was more than sufficient.

2. Defendant's contention that his sentence should be reduced to that received by one of his two accomplices[1] is based on the fact that one of the purposes of the Sentencing Guidelines is to achieve equity and uniformity in sentencing. Defendant's contention is that he is no more culpable than his accomplice, who has the same criminal history score, and that therefore it is unfair and inequitable for him to have to serve a term that is twice as long.

In *State v. McClay*, 310 N.W.2d 683 (Minn.1981), we considered appeals by codefendants, McClay and Scruggs, who both pleaded guilty to the same aggravated robbery. The presumptive sentence for Scruggs, who had a criminal history score of two, was 41 months; the trial court

sentenced him to 80 months. The presumptive sentence for McClay, who appeared at the time to have a criminal history score of three, was determined to be 49 months; the same trial judge, stating that he was doubling that, sentenced him not to 98 months but 108 months. The state conceded on appeal that the criminal history score for McClay should have been two, not three, and that McClay's sentence should be limited to 82 months, double the presumptive sentence of 41 months. Both defendants claimed on appeal that the departures were unjustified. We disagreed but reduced McClay's sentence to 80 months, stating:

> Because Scruggs' sentence was 80 months, we believe McClay's should be reduced to 80 months also, rather than 82, because there is no justification in the record for giving him a longer sentence than Scruggs and because, as stated in the Statement of Purpose and Principles (Part I of the Sentencing Guidelines), equity in sentencing requires "that convicted felons similar with respect to relevant sentencing criteria ought to receive similar sanctions."

310 N.W.2d at 685–86.

In *State v. Burgess*, 319 N.W.2d 418 (Minn.1982), the defendant was convicted of two robberies because there were two victims and was sentenced to consecutive terms of 24 months each or a total of 48 months. On appeal, he argued, among other things, that his sentence should be reduced to 24 months because his codefendants, Ives and Schlesky, who actually committed the robberies, each had received 24-month sentences. Affirming, we stated:

> We agree that one of the purposes of the Sentencing Guidelines is to achieve equity in sentencing, * * *. We disagree, however, with appellant's contention that the record compels the conclusion he must receive punishment identical with that imposed on Ives and Schlesky. Ives and Schlesky each pled guilty to one count of aggravated robbery, the other being dismissed as part of the plea agree-

1. The other accomplice apparently is still awaiting trial.

ment. Appellant, on the other hand, was found guilty of two counts of aggravated robbery. The trial court in sentencing appellant stated that since he had planned the robbery and furnished the guns he was "principally responsible" for the commission of the crimes. We are satisfied that the court was justified in imposing the 48-month sentence.

319 N.W.2d at 421.

■ More recently, in *Davis v. State,* 324 N.W.2d 802 (Minn.1982), we confronted the same issue. In that case Davis, who was convicted of criminal sexual conduct in the first degree and sentenced to 86 months in prison, double the presumptive term, sought postconviction relief claiming that the departure was unjustified, excessive in scope, and unfair. In arguing that it was unfair, he pointed to the fact that the charges against his girl friend, who aided him in the offense, were dropped. While it is true that one of the purposes of the Sentencing Guidelines is to achieve equity in sentencing, we were persuaded that the state had valid reasons for concluding that petitioner was principally responsible for the crime. Additionally, we were influenced by the fact that the state dropped charges against the girl friend because it felt that it needed her testimony in order to convict the petitioner. We therefore concluded that there was no merit to the claim that the petitioner's sentence was unfair.

■ The primary means adopted by the Sentencing Guidelines Commission for accomplishing equity in sentencing is the sentencing matrix, which establishes the presumptive sentence based on offense severity and the defendant's criminal history score. Additionally, the standards dealing with departure and scope of departure—the latter established by this court in *State v. Evans,* 311 N.W.2d 481 (Minn.1981), and *State v. Stumm,* 312 N.W.2d 248 (Minn. 1981)—serve the same purpose. This court has discretion in individual cases to modify the sentence of an appealing defendant if that appears to be in the interests of fairness and uniformity. We exercised this discretion in *State v. McClay,* 310 N.W.2d 683

(Minn.1981). However, one must bear in mind that equality and fairness in sentencing involve more than comparing the sentence the appealing defendant received with the sentence his accomplices received. It also involves comparing the sentence of the defendant with those of other offenders.

■ Defendant argues that he is no more culpable than his accomplice who, although having the same criminal history score, received a 45-month prison term. We agree with defendant that the conduct of the accomplice was at least as aggravated as defendant's conduct and, if anything, more aggravated than defendant's conduct. But we cannot accept the argument that it necessarily follows that defendant's sentence must be reduced to that of his accomplice. Comparing the sentence of defendant with those of other offenders, we believe that, given his conduct, defendant was not treated relatively harshly. If both defendant's sentence and that of his accomplice were before us, the appropriate remedy to the inequity would not be to reduce defendant's sentence but to increase his accomplice's sentence. However, defendant's accomplice pleaded guilty to an amended complaint charging him with aiding defendant and defendant's other accomplice, Minn.Stat. § 609.342(f), and part of the plea agreement was that the state would not move for aggravation of sentence. Thus, because of the plea agreement, the state was implicitly barred from appealing the trial court's failure to aggravate the accomplice's sentence. We do not mean to imply that defendant's insistence upon going to trial is a ground for departure from the presumptive sentence. The Sentencing Guidelines specifically provide that "The exercise of constitutional rights by the defendant during the adjudication process" should not be used as a reason for departure. Minnesota Sentencing Guidelines and Commentary, II.D. 1.e. (1982). All we are saying is that we are left with a choice between affirming defendant's sentence, which is not a relatively harsh sentence when compared with those given other offenders who have committed

similar misconduct, and reducing defendant's sentence to that given his equally culpable accomplice, who received a sentence that we believe was too lenient. Reducing defendant's sentence would be to compound the error rather than to limit it.

Satisfied that defendant's sentence was a proper sentence under the Sentencing Guidelines, we decline the invitation to exercise our discretion and reduce defendant's sentence to that received by his accomplice.

Affirmed.

WAHL, Justice (concurring in part, dissenting in part).

I agree that the evidence of defendant's guilt is legally sufficient to affirm his conviction. I must respectfully dissent, however, from the decision of the majority to refuse to modify a sentence which is unfairly disparate under the circumstances of this case.

The facts testified to by the victim indicate that the conduct of the co-defendant was far more egregious than that of defendant and consisted of repeated acts of criminal sexual conduct committed over a lengthy period of time and at several locations. I cannot give lip service to the sentencing guidelines provision that "[t]he exercise of constitutional rights by the defendant during the adjudication process" should not be used as a reason for departure and at the same time approve a sentence nearly twice that of a co-defendant of equal or greater culpability whose only distinguishing characteristic was that he pleaded guilty rather than going to trial.

I would reduce the sentence to the 45-month presumptive sentence received by the co-defendant.

SIMONETT, J., took no part in the consideration or decision of this case.