STATE of Minnesota, Respondent,

v.

Gary L. WILLIAMS, Appellant.

No. C2-82-893.

Supreme Court of Minnesota.

Aug. 12, 1983.

C. Paul Jones, Public Defender and Margaret LaMarche, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, Michael Richardson, Beverly J. Wolfe and Lee W. Barry III, Asst. County Attys., Minneapolis, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of one count of burglary and two counts of aggravated robbery, Minn.Stat. §§ 609.05, 609.11, 609.245, 609.58, subd. 2(1)(b) (1982). The trial court sentenced defendant to consecutive 54-month prison terms for the robbery convictions and to a concurrent 54-month term for the burglary conviction. On his appeal from judgment of conviction defendant seeks an outright reversal on the ground that the evidence identifying him as one of the participants in the crimes was legally insufficient. Alternatively, he seeks a new trial on the ground that the trial court prejudicially erred in failing to include certain language in its

instructions on circumstantial evidence. Failing that, defendant seeks a modification in his sentence, claiming that it unfairly exaggerates the criminality of his conduct and is unfairly longer than the sentences of his accomplices. We affirm.

On the morning of October 27, 1981, defendant and two accomplices, Keith Mayes and James Mallory, unlawfully entered a single family residence in Minnetonka while the residents were on an errand. When the residents returned, the three men confronted them with guns, tied them up, threatened them and robbed them. Mayes and Mallory were stopped and arrested shortly after they left the victims' house driving a car owned by the victims. Incriminating evidence was found in the car and on their persons. Both were identified by one of the victims. Williams was arrested a short time later in Brooklyn Park near his car. A search of the car, which had earlier been seen parked near the burgled residence, resulted in the discovery of incriminating evidence.

1. Defendant's first contention is that the evidence identifying him as a participant in the burglary and robberies was legally insufficient. Although the victims were unable to identify defendant, the evidence that defendant was the third robber was clearly adequate.

2. There is also no merit to defendant's contention that the trial court's failure to include the last paragraph of CRIM-JIG 3.05 in the instructions on circumstantial evidence constituted prejudicial error. In its entirety CRIMJIG 3.05 reads as follows:

A fact may be proved by either direct or circumstantial evidence, or by both. The law does not prefer one form of evidence over the other.

Direct evidence is the testimony of a person who perceived the fact through his senses, and testifies to it, or physical evidence of the fact itself.

Circumstantial evidence is indirect proof by proving one fact from which an inference of the existence of another fact may reasonably be drawn.

Circumstantial evidence may be of the highest and most conclusive kind of proof, but in order to reach a conclusion beyond a reasonable doubt on circumstantial evidence alone, all circumstances proved must be consistent with that conclusion and inconsistent with any other rational conclusion.

In *State v. Turnipseed,* 297 N.W.2d 308 (Minn.1980), which discusses the issue in detail, we held that the giving of the paragraph in question is not mandatory. *See also State v. Hardy,* 303 N.W.2d 57 (Minn. 1981). We adhere to our ruling in *Turnipseed.*

3. Defendant's final contention is that his sentence should be modified on the ground that it unfairly exaggerates the criminality of his conduct and is unfairly longer than the sentences of his accomplices.

Both of defendant's accomplices, Mallory and Mayes, were convicted of the same three offenses on the basis of a stipulation concerning the evidence against them. They had criminal history scores of zero, whereas defendant had a criminal history score of two. Normally, therefore, the presumptive sentences for Mallory and Mayes would have differed from that of defendant. However, in this case the minimum term provisions of section 609.11 applied and overruled the normal presumptive sentences for all three defendants. In each case the trial court had the option under Minnesota Sentencing Guidelines and Commentary, II.F.2. (1982) of sentencing to two consecutive 54-month terms for the two robberies because there were two separate victims. One judge sentenced Mallory to three concurrent 54-month prison terms, and another judge sentenced Mayes to three concurrent 54-month prison terms.[1] Defendant's attorney argued that defend-

---

1. The convictions of Mayes and Mallory are affirmed in *State v. Mallory & Mayes,* 337 N.W.2d 391 (Minn.1983, filed herewith).

ant should receive an identical sentence because his culpability was not any greater than that of the others. The sentencing court responded:

> THE COURT: Okay. Well, there is a difference, Mr. Williams, and I am going to make your sentence consecutive. I think one of the dangers that you run in going to trial is that if the facts are just presented to the Court, the Court doesn't have the opportunity of seeing the victims. And I think in watching the sheer terror that these victims were put through, including being forced to kneel, with guns at their heads and creating in their minds a very reasonable belief that they were going to be executed—I debated seriously taking this matter off of the matrix because of what I conceive to be unusual cruelty to the victims.
>
> So I suppose that there can be a difference. I mean I would not have had the opportunity to observe the victims and the effect that this hour or so of terror had on them if it had not gone to trial.
>
> In any event, the law provides that consecutive sentences may be applied in a case such as this, and I am going to do it.

She then proceeded to sentence defendant to consecutive 54-month terms for the robberies and to a concurrent 54-month term for the burglary.

As stated in *State v. Montalvo*, 324 N.W.2d 650, 652 (Minn.1982), "Under the multiple-victim exception to the rule of Minn.Stat. § 609.035 (1980), which bars multiple sentencing in cases of multiple offenses committed as part of the same behavioral incident, the trial court may impose one sentence per victim in multiple victim cases so long as the multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct." (Citations omitted). We hold that in this case multiple sentencing did not unfairly exaggerate the criminality of defendant's conduct.

Defendant's other contention is that his sentences for the robbery should be made to run concurrently because it is unfair for him to have to serve consecutive terms while his equally culpable accomplices

only have to serve concurrent terms. The leading case on this issue is *State v. Vazquez*, 330 N.W.2d 110 (Minn.1983). In *Vazquez* we upheld an 86-month prison sentence, which was two times the 43 (41–45) month presumptive sentence, against a claim by the defendant that he was less culpable than his accomplice who, although having the same criminal history score, received a 45-month prison sentence. We agreed that we have discretion in individual cases to modify the sentence of an appealing defendant if that is in the interests of fairness and uniformity. We added that fairness and uniformity in sentencing involved more than comparing the defendant's sentence with that of his accomplice but also involved comparing his sentence with those of other offenders. Doing that, we concluded that the defendant was not treated relatively harshly. We stated that if both the defendant's sentence and that of his accomplice were before us, the appropriate remedy to the inequity would not be to reduce the defendant's sentence but to increase his accomplice's sentence. The accomplice's sentence was not before us because, as a result of a plea agreement, the state was implicitly barred from appealing the trial court's failure to aggravate the accomplice's sentence. The choice for us, therefore, was between affirming the defendant's sentence, which was not a relatively harsh sentence when compared with those of other offenders, and reducing the defendant's sentence to that given his accomplice, who received a sentence that was too lenient. Believing that reducing the defendant's sentence would be to compound the error rather than to limit it, we affirmed the sentence.

We believe that *Vazquez* controls. In *Vazquez* the conduct of the accomplice was more aggravated than the defendant's conduct, and yet we affirmed the defendant's sentence. Here the defendant's conduct was at least as serious as that of his accomplices rather than less serious. Thus, in this sense, this is a stronger case for affirming than *Vazquez*. Also, in *Vazquez* the sentence of the defendant was double the pre-

sumptive sentence duration and the sentence of the accomplice was within the presumptive sentence range. In this case the sentences were all within the presumptive sentence range. We generally will not review the trial court's exercise of its discretion in cases where the sentence imposed is within the presumptive sentence range. Finally, after comparing the sentence of defendant with those of defendants in other cases, we conclude that defendant was not treated relatively harshly.

We disagree with defendant's contention that the trial court in effect punished him for insisting on his right to trial. The trial court stated that one of the risks of a defendant's insisting on a trial is that it gives the court an opportunity to see the victims and hear the testimony and learn the facts in more vivid, concrete detail. There are numerous factors that a defendant must weigh in a case such as this before he decides to insist on his right to a trial. The risk that the evidence adduced at his trial would have an impact on the sentence that the trial court imposed was a risk that defendant must be deemed to have accepted.

Affirmed.