STATE of Minnesota, Respondent,

v.

**Thomas D. SCHULTZ, Appellant.**

No. C8–84–1941.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL, and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

On April 1, 1984, appellant appeared at the home of Cynthia V. and asked if he could come in. She recognized appellant from work and refused his request. The next day when Cynthia V. left work she noticed the front tire of her car had been slashed as well as the engine wires and hoses. A fish knife and case were lying on the engine. Inside her car she noticed a jacket with the name "Tom" sewn on it with an envelope pinned to the jacket with her name on it. The note inside the envelope stated:

Dear Cindy—

I wish we could have talked last night. But since you were going to bed, I couldn't have disturbed you. And as for talking to me today it would have been no use. For you see I do have a problem. It is *you*. Ever since I've seen you I've wanted you real bad and it is getting worse. That is why I can no longer work at TCS. Seeing you there every day and wanting you. You wearing those skin tight blue jeans and all. I want to see what is underneath them. I want your body. I love everything about you. I bet you have a beautiful ass and pussy and breast. I want to see them. Now. That is what I really wanted Sunday night you know. I almost took you Saturday with me. I had a .357 Magnum hand gun with me Sat. and also Sun. night to make you take your clothes off. One of these days soon (illegible)

For I know where you live. You have a nice back yard, nice food. I say (sic) in the kitchen Sunday night. I was watching you from your back yard. I will continue to watch your every move you beautiful lady. What I want now is for you to bring with you in the morning 3 *nude* photos of your self leave them on the front seat of the car. If not there I will come in with my gun and blow you apart. I will call you tonight at home. I am very serious about this. If you don't believe me check your car tonight before you leave. That is for starters. Tomorrow it will be worst (sic) for you.

Love,

Tom

P.S. If you were wonder (sic) what I had under my heavy down jacket last night,

it was bullets and my gun plus handcuffs.

One other thing Cindy my love, you have a pretty daughter. I would hate as you would to see you get hurt or be dead. So talk to you tonight at 8 p.m. I have sight of your house as I am writing you. Maybe I will see you to (sic) night also at any time and you can show me your body in the raw.

Inside the pocket of the jacket were three .357 Magnum bullets.

The next day, Bloomington police officers arrested appellant at his sister's home. His attempt to barricade himself inside the house by placing furniture up against the door failed. In searching the house pursuant to a search warrant, the police discovered a .357 Magnum Smith and Wesson handgun with three cartridges loaded, four boxes of .357 ammunition, a handgun case, a large Bowie-type knife, and a blue jacket. Rope was found inside the jacket.

Cynthia V. and her family had stayed overnight at a hotel until appellant could be apprehended. She was unable to return to work, and the family has considered moving out-of-state or to a different location within the metropolitan area to insure her safety upon appellant's release.

Appellant pleaded guilty to terroristic threats, Minn.Stat. § 609.713, subd. 1 (1982). The presumptive sentence under the Guidelines with appellant's criminal history score of one was 15 months stayed. The trial court departed both dispositionally and durationally and imposed an executed sentence of 30 months imprisonment. On appeal, appellant challenges the durational departure.

## DECISION

At the outset we note counsel for appellant misplaced the district court file. Our review has been limited to the extent of the material in the briefs.

We agree with the trial court that the offense here was significantly more serious than the typical terroristic threat offense. The durational departure was justified. *See State v. McGee*, 347 N.W.2d 802 (Minn. 1984); *State v. Cermak*, 344 N.W.2d 833 (Minn.1984); *State v. Norton*, 328 N.W.2d 142 (Minn.1982) and *State v. McClay*, 310 N.W.2d 683 (Minn.1981).

Affirmed.