STATE of Minnesota, Respondent,

v.

McLAUGHLIN AND SCHULZ, INC., et al., Appellants.

No. C3–86–1320.

Court of Appeals of Minnesota.

Dec. 9, 1986.

Hubert H. Humphrey, III, Atty. Gen., Sarah G. Mulligan, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Phillip Gainsley, Moss & Barnett, P.A., Minneapolis, for appellants.

Heard, considered and decided by POPO-VICH, C.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

This appeal is from sentences imposed on both a corporate and individual defendant for violations of the state antitrust law. We affirm.

## FACTS

Appellants were indicted in August 1984 following a multi-county grand jury investigation of bid rigging in the construction industry. McLaughlin and Schulz, Inc., is a highway construction firm based in Marshall, Minnesota. Kenneth Odland is a vice president of the corporation and its chief estimator. Appellants, along with other contractors in the southwestern part of Minnesota, were charged with agreeing to divide or allocate public road-paving contracts.

The State alleged that appellants agreed with Hugo Schulz, Inc., not to seek jobs in Cottonwood and Jackson Counties in exchange for Hugo Schulz's agreement not to seek paving contracts in Lyon County. Appellants pleaded not guilty and challenged the indictments at an omnibus hearing. Prior to trial, the parties reached a plea agreement. The agreement obligated appellants to disclose their knowledge of bid rigging in the southwestern Minnesota road construction industry. In return, the State allowed appellants each to plead guilty to a single count, granted them immunity for all other antitrust violations disclosed, and agreed to recommend certain maximum sentences. The sentences included fines of $50,000 for the corporation and $10,000 for Kenneth Odland. Additionally, the State recommended assigning the offense a severity level of IV, since antitrust violations were excluded from the Offense Severity Reference Table, and sentencing appellant Odland within the presumptive range for level IV theft offenses. The conditions of Odland's presumptive probation were to be argued at sentencing.

The trial court accepted the guilty pleas and ordered a presentence investigation, which disclosed that Odland's physical health was "problematic." Odland suffered a heart attack in February 1980, a stroke in December 1980, underwent open-heart surgery in December 1982, and was injured in an automobile accident.

Odland submitted to the sentencing court a letter from his physician, along with his

medical records. The physician concluded that "prolonged incarceration" could be detrimental to Odland's health.

After reviewing the medical information, the trial court sentenced Odland to a fine of $10,000 and 18 months' imprisonment stayed for five years on the condition Odland serve 120 days in the county jail.

The court obtained further health and dietary information and modified the conditions of probation. Odland was ordered to spend six weeks in jail on weekdays, with weekend liberty, and the balance of the 120 days on work-release. Lyon County Jail agreed to accommodate Odland's dietary requirements. Service of the county jail time has been stayed pending appeal.

### ISSUES

1. Did the trial court abuse its discretion in ordering appellants to pay the maximum fine amounts set out in the plea agreement?

2. Did the trial court abuse its discretion in imposing 120 days' jail time as a condition of probation?

### ANALYSIS

#### I

The $50,000 corporate and $10,000 individual fines were the maximum fines permitted under the plea agreement. The corporate fine was the maximum allowed by statute for the antitrust violation charged. *See* Minn.Stat. § 325D.56, subd. 2 (1984); *see also* Minn.Stat. § 325D.53, subd. 1(1)(c) (1984). The fines did not violate the plea agreement and were permitted under the applicable law. *See Kochevar v. State*, 281 N.W.2d 680, 687–89 (Minn.1979).

■ Appellants claim the fines are disparate to those imposed on defendants in similar bid rigging prosecutions. Appellants' summary of sentences, fines and civil penalties was not submitted to the trial court. Matters not submitted to the trial court cannot be considered on appeal. *State v. Ferraro*, 277 Minn. 204, 208, 152 N.W.2d 183, 186 (1967); *State v. Hanson*, 366 N.W.2d 377, 379 (Minn.Ct.App.1985). However, even if the evidence showed disparities in the imposition of fines, a defendant is not entitled to receive the same sentence as another convicted of the same offense. *State v. Burgess*, 319 N.W.2d 418, 421 (Minn.1982). We find no abuse of discretion in imposing the fines which were contemplated by the plea agreement and authorized by law.

#### II

■ The determination of probationary jail time is discretionary with the trial court. *State v. Sutherlin*, 341 N.W.2d 303, 305 (Minn.Ct.App.1983). Odland, however, contends the imposed jail time is an abuse of discretion because of his poor health and also represents disparate sentencing.

■ The trial court may consider the defendant's health in exercising its discretion to set conditions of probation, including jail time. *See State v. Kraft*, 326 N.W.2d 840, 842 (Minn.1982) (medical evidence sufficient to require modification of presumptive sentence for defendant whose leukemia was in remission).

Odland suffers from a heart condition, requires dietary restrictions, and suffers from the after-effects of an automobile accident. The trial court took this into account at sentencing and, with additional information, modified the terms of the jail sentence and ascertained that the dietary restrictions can be met.

■ Odland received a presumptive sentence. The Sentencing Guidelines Commission has chosen not to develop specific guidelines relating to the conditions of stayed sentences. Minnesota Sentencing Guidelines III.A.2. As in *State v. Rupp*, 393 N.W.2d 496, 501 (Minn.Ct.App.1986), we believe Odland has not presented reasons justifying interference with the trial court's discretion to choose among alternative presumptive sentences. *See State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981). Conditions of probation imposed for similar offenses do not limit that discretion. We are satisfied that, in this case, capacity to

serve jail time is best left to the discretion and continued monitoring of the trial court.

### DECISION

The trial court did not abuse its discretion in ordering the sentences imposed or in establishing the conditions of probation.

Affirmed.