STATE of Minnesota, Respondent,

v.

Bradford Dean JONES, Appellant.

No. C2–92–1172.

Court of Appeals of Minnesota.

March 30, 1993.

Review Granted May 18, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Lee W. Barry, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., FORSBERG and KALITOWSKI, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a judgment of conviction for second degree assault. Minn.Stat. §§ 609.222, 609.05 (1990). Appellant Bradford Jones challenges the sufficiency of the evidence and the adequacy of the instructions on circumstantial evidence. We reverse and remand for a new trial.

## FACTS

On October 4, 1991, appellant's brother, Edward Jones, shot Eugene Blair. The shooting was witnessed by a police officer, who arrested Edward Jones. The officer confiscated a handgun which was later found to have been purchased by appellant.

Edward Jones had been riding a bicycle, and carried more than $53 in cash.

The day before the shooting, Blair confronted appellant at the assembly plant where they both worked. Blair grabbed appellant's shirt and threatened to punch him if appellant did not stop making derogatory comments. Blair, who was over six feet tall and weighed 290 pounds, was considerably larger than appellant.

Appellant did not appear for work the following day. The personnel manager testified appellant came in for his paycheck about 2:30 p.m. The manager testified appellant told him he had been too upset about the confrontation to come to work.

That afternoon, appellant's brother, Edward Jones, was partying with several of his friends. He walked to the liquor store and claimed he had no money to help pay for the beer and wine. Charles Roy testified that appellant arrived at the party riding a bicycle. Roy further testified that when he entered the house, appellant and his brother stayed outside talking. Roy later noticed the two brothers had left. Roy could not positively identify the bicycle confiscated from the scene of the shooting as the one appellant had been riding. However, he testified he thought Edward Jones was on foot that day.

Appellant admitted he had cashed his paycheck that afternoon after picking it up at the factory. He testified that he went to his girlfriend's house, and that she sent him out to buy some groceries. Appellant then went to find his brother to invite him to the dinner.

Appellant initially denied talking to his brother about the confrontation with Blair. He later admitted he may have mentioned it, but he denied that he had asked his brother to assault Blair. At trial, appellant testified that he had described the problem with Blair when his brother asked him why he wasn't at work.

Appellant testified that his brother knew the gun was kept at Holly Alger's apartment, and that his brother had access to the apartment. While Alger claimed that Edward Jones did not have a key to her apartment, she acknowledged that people did come and go in the apartment.

The defense theory at trial was that Edward Jones had made a misguided but unsolicited attempt to "avenge Blair's treatment of his brother." Defense counsel requested an instruction that, to convict, the circumstantial evidence had to form a complete chain excluding any reasonable hypothesis of innocence. The trial court denied the request.

Appellant was found not guilty of conspiracy to commit murder or first degree assault, but guilty of second and third degree assault. He was sentenced on the second degree assault to the presumptive sentence of 36 months.

## ISSUES

1. Did the trial court abuse its discretion in instructing the jury?

2. Is the evidence sufficient to sustain the conviction?

## ANALYSIS

### I.

The refusal to give a proposed jury instruction lies within the discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. O'Hagan*, 474 N.W.2d 613, 620 (Minn.App. 1991), *pet. for rev. denied* (Minn. Sept. 25, 1991). Appellant contends the trial court abused its discretion in denying his request for a "reasonable hypothesis of innocence" instruction. He insists such an instruction was necessary to give the jury some direction on how to assess the circumstantial evidence. We agree.

In *State v. Turnipseed*, 297 N.W.2d 308, 312–13 (Minn.1980), the supreme court held the jury was adequately instructed on circumstantial evidence even though it had not been instructed that such evidence had to be "inconsistent with any * * * rational conclusion [other than guilt]." The supreme court has reaffirmed that the "rational hypothesis of innocence" language is not mandatory. *State v. Williams*, 337 N.W.2d 387, 389 (Minn.1983).

In *Turnipseed,* 297 N.W.2d at 310, the defendant was linked to a burglary by fingerprints found inside the building. The defendant at first denied any recollection of being in the building. *Id.* He later claimed he had been there to ask for help when his car broke down. *Id.* at 311. However, because of tactical decisions by the defense and the unavailability of a witness, this explanation for the fingerprints was not presented to the jury. *Id.*

In concluding that the trial court did not commit reversible error in refusing to give the requested instruction, the supreme court noted that federal courts have held it is not error to fail to instruct that the circumstantial evidence must exclude every rational hypothesis other than guilt. *Turnipseed,* 297 N.W.2d at 313 (citing *Holland v. United States,* 348 U.S. 121, 139–40, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954)). After noting two prior Minnesota cases which approved that instruction, the supreme court stated:

> Moreover, the defendants in those two cases did offer evidence which, if believed, would explain the facts relied upon by the state; in the instant case, by contrast, defendant's explanation for his fingerprints on the glass (that he stopped in one day to use the phone) was never presented to the jury.

*Turnipseed,* 297 N.W.2d at 313.

By contrast, appellant did present explanations for the facts critical to the state's case. Appellant testified he met his brother to invite him to a dinner that night at his girlfriend's. The testimony of appellant's girlfriend corroborated that account to a considerable extent. Appellant testified that, upon meeting his brother, he had to discuss the confrontation with Blair in order to explain his absence from work. Although not corroborated, this explanation, given the time of the brothers' meeting, is plainly plausible. While this did not explain the bicycle and the gun, witnesses could not positively identify the bicycle as belonging to appellant, and appellant testified his brother had access to the gun. Finally, although Edward Jones had much more money after the shooting than he *claimed* to have had earlier in the afternoon, this did not conclusively establish a payment by appellant.

An instruction that the state must prove guilt beyond a reasonable doubt fails to draw the jury's attention to alternative explanations for the state's evidence. When the defense offers none, the failure to further define reasonable doubt may not be error. *See Williams,* 337 N.W.2d at 389; *Turnipseed,* 297 N.W.2d at 313. However, in this case the court's instruction did not give sufficient attention to the defense explanation for the incriminating circumstances.

A defendant is entitled to an instruction on his specific theory of the case if there is some evidence before the jury to support it. *State v. Ruud,* 259 N.W.2d 567, 578 (Minn.1977), *cert. denied,* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). Thus, when a defendant has offered an hypothesis to explain incriminating evidence, and that hypothesis has support in the evidence, he may be entitled to a general instruction that the evidence, to support conviction, must be inconsistent with a rational hypothesis of innocence. This is particularly true when, as here, there is no direct evidence of the defendant's participation in the crime and the circumstantial evidence is complex, with no single piece of evidence predominant or providing conclusive proof of guilt.

We cannot conclude that the jury adequately considered appellant's "hypothesis of innocence" without the requested instruction, even though the jury found appellant not guilty of conspiracy to commit murder or first degree assault. The evidence showed that Edward Jones pulled his gun and fired only after Blair lunged at him. Thus, had the requested instruction been given, the jury could have found there was no agreement to shoot Blair based solely on the evidence at the scene of the shooting.

## II.

Appellant contends the evidence was insufficient to support his conviction as an accomplice to the assault on Blair. A

conviction based entirely on circumstantial evidence will be upheld if the " 'reasonable inferences from such evidence are consistent only with defendant's guilt and inconsistent with any rational hypothesis except that of his guilt.' " *State v. Anderson*, 379 N.W.2d 70, 75 (Minn.1985) (quoting *State v. Threinen*, 328 N.W.2d 154, 156 (Minn. 1983)), *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986). In applying this standard, however, we must view the evidence in the light most favorable to the jury's verdict. *See State v. Wahlberg*, 296 N.W.2d 408, 416 (Minn.1980). We conclude the jury could find beyond a reasonable doubt that appellant aided and abetted the assault on Blair. Thus, appellant may be retried for this offense. *See Burks v. United States*, 437 U.S. 1, 15–16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978).

## DECISION

The trial court committed prejudicial error in failing to instruct the jury that the evidence had to exclude every reasonable hypothesis other than that of guilt.

**Reversed and remanded.**