*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1221**

State of Minnesota,
Respondent,

vs.

Charles Kenneth Redding,
Appellant.

**Filed March 28, 2016
Affirmed
Jesson, Judge**

Ramsey County District Court
File No. 62-CR-14-1384

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica May Surges, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JESSON**, Judge

After appellant was convicted of aiding and abetting first-degree assault, the district court sentenced him to a presumptive guidelines sentence of 100 months in

prison. He argues that the district court abused its discretion by imposing a sentence at the higher end of the sentencing-guidelines range because of his young age at the time of the offense and because he showed remorse for his actions. We affirm.

**FACTS**

On the evening of August 4, 2013, appellant Charles Kenneth Redding, who was then 15 years old, attended a party on the east side of St. Paul and smoked synthetic marijuana. Several women from the party began fighting in the street, with other guests watching. The fight eventually grew to include 40-50 people. Ray Widstrand, a bystander, stepped in to try to stop the fight. Redding, who was across the street with friends, approached Widstrand and punched him in the face, knocking him down, and causing his head to strike the ground. Other people then attacked Widstrand, who suffered a skull fracture, resulting in a permanent brain injury. After hitting Widstrand, Redding walked to a friend's house and fell asleep.

Redding was certified to stand trial as an adult and pleaded guilty to aiding and abetting first-degree assault, in violation of Minn. Stat. § 609.221, subd. 1 (2012). The parties agreed that, at sentencing, the state could argue for a sentence at the top of the presumptive sentencing-guidelines range for Redding's offense, which extends from 74 to 103 months, and the defense could argue for a sentence at the bottom of that range. *See* Minn. Sent. Guidelines 4.A (Supp. 2013).

In a sentencing memorandum for the defense, a dispositional advisor cited research suggesting that Redding's adolescent brain-maturation level at the time of the crime did not allow him to fully process the consequences of his actions. The defense

also pointed out that, after his grandmother's death, Redding engaged in destructive behavior, which resulted in multiple out-of-home placements.  The defense submitted letters from three of Redding's teachers in the juvenile detention center, stating that he was doing well in his studies.  And the memorandum cited data from the Minnesota Sentencing Guidelines Commission showing that 45 percent of offenders with a zero criminal-history score who were convicted of first-degree assault received a sentence lower than the middle-of-the-box presumptive sentence of 86 months.

Redding read a letter at sentencing, stating that he was sorry for what he had done to Widstrand and was ready to take responsibility for his actions, and defense counsel also argued that his brain was now more fully developed.  The prosecutor, however, noted Redding's past history of assaultive behavior and pointed out that with a 100-month sentence, he would serve 17 months longer before parole eligibility than if the district court imposed a bottom-of-the-box sentence.

The district court sentenced Redding to 100 months.  The district court stated that Redding had been with a group who attacked a stranger for no reason, which was not typical behavior for young people.  The district court also noted that Redding had been charged with numerous other offenses, including those in which he hurt other people.  This appeal follows.

## DECISION

An appellate court reviews the district court's sentencing decision for an abuse of discretion. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006).  Here, the district court imposed a sentence of 100 months, which is within the presumptive range provided by

3

the Minnesota Sentencing Guidelines for Redding's offense.  Minn. Sent. Guidelines 4.A.[1]  Absent compelling circumstances, this court will not exercise its authority to modify a sentence that is in the presumptive range.  *State v. Delk*, 781 N.W.2d 426, 428-29 (Minn. App. 2010), *review denied* (Minn. July 20, 2010).  "[I]t would be a rare case which would warrant reversal of the refusal to depart."  *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

"A sentence within the range provided in the appropriate box on the sentencing guidelines grid is not a departure from the presumptive sentence."  *Delk*, 781 N.W.2d at 428-29.  This court will affirm the imposition of the presumptive sentence "when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination."  *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013) (quotation omitted).  The district court is not required to state its reasons to support a presumptive guidelines sentence.  *Townsend v. State*, 834 N.W.2d 736, 740 (Minn. 2013).

---

[1] "The Minnesota Sentencing Guidelines were created to assure uniformity, proportionality, rationality, and predictability in sentencing."  *State v. Jones*, 745 N.W.2d 845, 848 (Minn. 2008) (quotation omitted).  The district court determines the proper sentence to be imposed by locating the proper cell on the sentencing-guidelines grid, which corresponds to the offender's criminal history and the offense.  Minn. Sent. Guidelines 4.A; *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008).  Generally, each cell contains three different numbers; the lowest number represents the minimum guidelines sentence, the highest number represents the maximum guidelines sentence, and the middle number represents what may be referred to as the "presumptive fixed sentence."  *Jackson*, 749 N.W.2d at 359 n.2.  But "[a]ll three numbers in any given cell constitute an acceptable sentence based solely on the offense at issue and the offender's criminal history score—the lowest is not a downward departure, nor is the highest an upward departure."  *Id.*

Redding argues that the district court abused its discretion by sentencing him to 100 months, near the top of the presumptive guidelines range. He cites cases providing that an appellate court may modify a sentence in the interests of uniformity and fairness, *State v. Vazquez*, 330 N.W.2d 110, 112 (Minn. 1983), or on "a strong feeling" that the sentence is not proportional to the severity of the crime and the defendant's criminal history, *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn. 1981). But in both *Vazquez* and *Schantzen*, unlike this case, the district court imposed upward durational departures, which are sentences longer than those specified in the guidelines range. *See Vazquez*, 330 N.W.2d at 111; *Schantzen*, 308 N.W.2d at 487. Here, because the district court imposed a guidelines sentence, we must consider whether compelling circumstances warrant a modification from that sentence. *Delk*, 781 N.W.2d at 928-29.

Redding maintains that his conduct was less serious than that involved in a typical first-degree assault because it was a "mob mentality situation" and he did not plan the assault, specifically target the victim, or use a weapon. But the record shows that Redding was the first person to strike the victim, and he admitted at the plea hearing that he hit Widstrand for "no reason." Although Redding read a letter to the district court indicating remorse for his actions, the factor of remorse is generally relevant to a dispositional departure, when the district court is considering an offender's amenability to probation, rather than, as here, the duration of Redding's sentence. *Cf. State v. Back*, 341 N.W.2d 273, 275 (Minn. 1983) (stating that "[a]s a general rule, a defendant's remorse bears only on a decision whether or not to depart dispositionally, not on a decision to depart durationally"). Further, the district court did not find his expression of remorse

5

credible. "A [district court] judge sits with a unique perspective on all stages of a case, including sentencing, and . . . is in the best position to evaluate the offender's conduct and weigh sentencing options." *State v. Hough*, 585 N.W.2d 393, 397 (Minn. 1998). We conclude that no substantial and compelling reasons exist to warrant a sentence closer to the middle or lower end of the presumptive range, and the district court did not abuse its discretion by sentencing Redding to 100 months in prison.

**Affirmed.**