UNITED STATES of America, Plaintiff-Appellee,

v.

Stanford Robert POLL, Defendant-Appellant.

No. 76–1009.

United States Court of Appeals, Ninth Circuit.

June 25, 1976.

Rehearing Denied July 20, 1976.

James McGuire (argued), of Hartman & McGuire, Seattle, Wash., for defendant-appellant.

Marvin L. Gray, Jr., Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

OPINION

Before WRIGHT and CHOY, Circuit Judges, and WHELAN,* District Judge.

CHOY, Circuit Judge:

In 1973 appellant Stanford Poll, president of P. B. Industries, Inc., directed the corporate bookkeeper to prepare a false tax return, understating the amount withheld from employees' wages during the first quarter of 1973. Poll signed the return knowing it was false.

In March, 1974, Poll was indicted for the willful failure to truthfully account for and pay over taxes withheld from employees' wages during the first quarter of 1973, in violation of 26 U.S.C. § 7202. A second count charged a similar offense as to the

* Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

second quarter of 1973. Poll was tried and convicted as charged. On appeal, this court reversed the judgment and remanded the case because the district court refused to admit relevant evidence concerning the willfulness of his failure to pay over. *United States v. Poll,* 521 F.2d 329 (9th Cir. 1975).

The Government elected not to pursue the § 7202 charge on remand, but instead promptly secured a new indictment charging willful signing of a false tax return under penalties of perjury, in violation of 26 U.S.C. § 7206(1). The new indictment contained only one count, pertaining to the first-quarter return, because the second-quarter return was submitted unsigned. Poll was again found guilty as charged, and sentenced to four months imprisonment and a $2,500 fine.

On appeal from the second conviction, Poll raises three objections: (1) his conviction under § 7206(1) is in violation of the constitutional protection against double jeopardy; (2) the Government denied the appellant a speedy trial; and (3) the evidence was insufficient to support the conviction. We affirm.

### Double Jeopardy

█ Poll acknowledges that the Government was entitled to retry him under § 7202 after his previous conviction was reversed. He contends, however, that the subsequent prosecution under § 7206(1), an offense not joined in the first indictment, violated the double jeopardy clause of the fifth amendment. He argues that since the violations of § 7202 and § 7206(1) arose from the same criminal transaction, that of filing a false tax return, they are the "same offense" for double jeopardy purposes.

█ We find that Poll's right against being subjected to double jeopardy has not been violated. *United States v. Ewell,* 383 U.S. 116, 124–25, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), is dispositive on this issue. The Court in *Ewell* makes it clear that when the

first conviction has been reversed and the matter remanded, the slate has been wiped clean and the Government is free to prosecute the defendant on a different statutory violation regardless if it is considered the same or a separate offense.[1]

Poll further argues that the Government used the first trial as a "dry run", a tactic expressly forbidden by the Court in *Ashe v. Swenson,* 397 U.S. 436, 447, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Poll claims that the Government used the decision on the first appeal to obtain a tactical advantage in the second trial, by deciding to prosecute the defendant under a different statute carrying a lower burden of proof. *Ashe* is clearly distinguishable from the instant case, however, because in *Ashe* the defendant was acquitted in the first trial. In *Ewell,* the Supreme Court approved of the Government modifying its prosecution in this fashion, and the holding was not disturbed by its decision in *Ashe.*

Poll also argues that by approving the second trial we may be permitting the Government to circumvent the prohibition in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), against retaliatory sentencing. *Pearce* prohibits a trial court from increasing the sentence upon retrial without explaining the change in circumstances which warrants the increase. Poll, however, is not claiming that he has received a harsher sentence upon retrial, and therefore, has no ground for complaint.

### Speedy Trial

█ Whether a delay in prosecution amounts to an unconstitutional deprivation of sixth amendment rights depends upon the circumstances. *Ewell,* 383 U.S. at 120, 86 S.Ct. 773. In this case, Poll's trial after the new indictment on October 7, 1975 was set for November 10, 1975. In spite of the extremely expeditious setting, Poll argues that his right to a speedy trial was violated

---

1. Poll does not allege that § 7202 is a lesser included offense within § 7206(1), thus this case may be distinguished from *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

because the Government could have sought this indictment in March of 1974, along with the original indictment.

"In these circumstances, the substantial interval between the original and subsequent indictments does not in itself violate the speedy trial provision of the Constitution." *Ewell, supra,* at 121, 86 S.Ct. at 777. Here, the new indictment charging violation of § 7206(1) was brought well within the applicable statute of limitation, which is usually considered the primary guarantee against bringing stale criminal charges. *See id.* at 122, 86 S.Ct. 773. Poll makes no claim of prejudice to the preparation of his defense. Instead, he claims that he experienced tremendous anxiety from the prolonged prosecution. The Government's conduct in this case was not oppressive and did not violate the defendant's right to a speedy trial.

*Sufficiency of the Evidence*

 Viewing the evidence in the light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we find it sufficient to support the conviction.

Affirmed.