**STATE of Maine**

v.

**Gary S. DeROEHN.**

Supreme Judicial Court of Maine. '

Argued April 28, 1986.

Decided July 2, 1986.

Janet T. Mills, (orally) Dist. Atty., Anthony Ferguson, Asst. Dist. Atty., South Paris, for plaintiff.

Berman, Simmons & Goldberg, P.A., Paul F. Macri, (orally), William D. Robitzek, Thomas J. Valvano, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

VIOLETTE, Justice.

Defendant, Gary S. DeRoehn appeals from a judgment rendered in Superior Court, Oxford County, finding him guilty of operating a motor vehicle with excessive blood-alcohol or under the influence of intoxicating liquor, (EBA/OUI) in violation of 29 M.R.S.A. § 1312–B. The issue raised on appeal is whether, by reason of a prior

adjudication for violation of 29 M.R.S.A. § 1312–C (civil OUI statute), the defendant's second prosecution under 29 M.R.S.A. § 1312–B (criminal OUI statute) is barred by principles of double jeopardy embodied in the Maine and United States Constitutions. We affirm the judgment.

On January 23, 1984 in District Court, Rumford, the defendant was adjudged guilty of the civil infraction of EBA/OUI, 29´ M.R.S.A. § 1312–C (section 1312–C). The defendant appealed this judgment to Superior Court but determination on the appeal was withheld pending this Court's decision in *State v. Freeman,* 487 A.2d 1175 (Me.1985). On February 20, 1985, after this Court in *Freeman* struck down section 1312–C as unconstitutional, the judgment against the defendant was vacated by the Superior Court. The case was then remanded to the District Court with orders to dismiss the complaint against the defendant. On March 25, 1985 the State filed a criminal complaint in District Court charging the defendant criminally with EBA/OUI in violation of 29 M.R.S.A. § 1312–B (section 1312–B). The defendant entered a conditional plea of guilty pursuant to Rule 11(a)(2) M.R.Crim.P., preserving the issue of double jeopardy for review by this Court.

We need not decide whether defendant was in jeopardy as a result of his first trial. The constitutional prohibition against double jeopardy does not bar the retrial of an accused whose conviction has been vacated on appeal. In *United States v. Scott,* 437 U.S. 82, 90–91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978), the Court said that one venerable principle of double jeopardy jurisprudence is that "[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, ... poses no bar to further prosecution on the same charge." *Id.* (citing *Burks v. United States,* 437 U.S. 1, 11–12, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978)). "[T]o require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect." *Scott supra,* 437 U.S. at 91, 98 S.Ct. at 2194; *Tibbs v. Florida,* 457 U.S. 31, 44, 102 S.Ct. 2211, 2219, 72 L.Ed.2d 652 (1982); *United States v. DiFrancesco,* 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980). This Court has also consistently held to this principle. *State v. Bessey,* 328 A.2d 807, 811–12 (Me. 1974); *State v. Fletcher,* 288 A.2d 92, 94–95 (Me.1972); *State v. White,* 285 A.2d 832, 834 (Me.1972). Although this principle applies as a general proposition, the facts in the instant case slightly distinguish its application.

In the case at bar, DeRoehn was charged and convicted under section 1312–C. He appealed his conviction on grounds that denial of his right to a jury trial and other constitutional guarantees afforded in criminal cases rendered that statute unconstitutional. *Freeman* declared section 1312–C unconstitutional for those very reasons. The defendant was, therefore, successful on appeal in having his conviction overturned. Thereafter, he was charged under a different statutory provision, for the same substantive offense. *Freeman,* 487 A.2d at 1177. In these circumstances, "when the first conviction has been reversed and the matter remanded, the slate has been wiped clean and the Government is free to prosecute the defendant on a different statutory violation regardless if it is considered the same or a separate offense." *United States v. Poll,* 538 F.2d 845, 847 (9th Cir.1976); *United States v. Ewell,* 383 U.S. 116, 124–25, 86 S.Ct. 773, 778, 15 L.Ed.2d 627 (1966).

Accordingly, we find that the double jeopardy clause did not bar defendant's second prosecution under section 1312–B.

The entry is:

Judgment affirmed.

All concurring.