50 F.3d 8
 75 A.F.T.R.2d 95-1595
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas J. AHART, Defendant-Appellant.
 No. 94-5320.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1995.
Decided March 22, 1995.
 
 Blair D. Howard, HOWARD, LEINO & HOWARD, P.C., Alexandria, VA, for Appellant. Helen F. Fahey, United States Attorney, David G. Barger, Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before WILKINS and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas J. Ahart appeals from the district court's order revoking his probation and imposing an active term of imprisonment upon finding that Ahart violated the terms of his probation by willfully filing a false tax return in violation of 26 U.S.C.A. Sec. 7206(1) (West 1989). Ahart contends that the evidence did not establish a violation and that the district court erred in finding a Grade B felony violation under Sec. 7206, rather than a Grade C misdemeanor violation under 26 U.S.C.A. Sec. 7207 (West 1989). We have granted the government's motion to submit on briefs, and we now affirm.
 
 
 2
 In 1991, Ahart pled guilty to tax evasion and, in a statement of facts made part of his plea agreement, admitted that during 1985 and 1986, he owned and operated Dyma Associates, Inc. Through this company, Ahart falsely claimed to have withholdings of $28,403 for 1985 and $18,606 for 1986. Based upon the false withholdings, Ahart filed tax returns claiming refunds for both years. In March 1991, the district court sentenced Ahart to a three-year term of probation. As a condition of probation, the district court ordered Ahart not to commit any other federal, state, or local crimes.
 
 
 3
 In November 1993, the probation officer filed a petition with the court alleging that Ahart violated the terms of his probation. The petition alleged that Ahart, as president and only officer of an entity known as Crispus Attucks Institute, knowingly and willfully prepared Forms W-2 (Wage and Tax Statement) claiming false withholdings which he then reported on his individual tax returns for the years 1991 and 1992. The petition also alleged that the 1991 and 1992 individual tax returns were delinquently filed on August 24, 1993.
 
 
 4
 During a hearing on this petition, Ahart stipulated that he delinquently filed his 1991 and 1992 returns, a Grade C probation violation. However, Ahart contested the allegation that he willfully filed false tax returns. Evidence was presented that on his 1991 and 1992 returns, Ahart claimed a filing status of married filing separate, he listed his only source of income as coming from Crispus Attucks, he claimed that taxes of $1,968.66 and $1,674.78 had been withheld for 1991 and 1992, respectively--although he knew that no taxes had been withheld from his wages and paid over to the IRS--and he used his wife's social security number on his Forms W-2.* The government presented evidence that Ahart knew that he could claim that zero taxes had been withheld and he had done so in 1989 and 1990, and he signed the corporation's returns which reflected that taxes had not been withheld and paid over to the IRS.
 
 
 5
 An agent of the Internal Revenue Service ("IRS") testified about the similarities between the conduct leading to Ahart's prior conviction for tax evasion and Ahart's conduct which led to the probation revocation petition. The agent also testified that Mr. Conway, Ahart's accountant, informed the agent that he prepared the quarterly employment tax returns, Forms 941, on June 25, 1993, and that Ahart assured Conway that he had the money and would pay the withholding taxes in late June, when he filed the Forms 941.
 
 
 6
 Ahart testified, explaining that he informed Conway that the withholdings had not been paid, but would be paid when the Institute received sufficient income. Ahart admitted that Conway told him to pay the taxes when he filed the Forms 941; however, Ahart stated that he never obtained sufficient funds to pay the withholdings--although he continued to receive a salary from the corporation.
 
 
 7
 The court found that Ahart filed false returns, knowing they were false. The court concluded that Ahart violated the terms of his probation by failing to timely file his 1991 and 1992 tax returns, a Grade C violation, and by filing a false tax return, a Grade B violation. The court ordered that Ahart serve thirty-days imprisonment to be followed by a one-year term of supervised release. As a special condition of supervised release, the court ordered Ahart to serve three months in community confinement. Ahart appealed arguing that he fully disclosed to an IRS agent that the taxes due with the Forms 941 had not been withheld and paid; therefore, he did not file a false return with the intent to evade a tax.
 
 
 8
 To prove a violation of Sec. 7206(1), the government must show that the defendant made or signed a return under penalty of perjury, that the return was false as to a material matter and the defendant knew it, and that the defendant acted willfully. United States v. Bishop, 412 U.S. 346, 350 (1973); United States v. Howard, 855 F.2d 832, 835 (11th Cir.1988). Contrary to Ahart's contention, there need not be a showing that the action was undertaken with the intent to evade the tax. See United States v. Taylor, 574 F.2d 232, 234 (5th Cir.), cert. denied, 439 U.S. 893 (1978).
 
 
 9
 We conclude that the evidence presented in this case constitutes a sufficient basis on which the district court could be reasonably satisfied that Ahart violated the conditions of his probation. See United States v. Cates, 402 F.2d 473, 474 (4th Cir.1968); United States v. Williams, 378 F.2d 665, 666 (4th Cir.1967). The evidence before the district court showed that Ahart signed his 1991 and 1992 Form 1040 income tax returns under penalty of perjury. These returns, claiming that taxes had been withheld when they had not, were false as to a material matter. See United States v. Penrod, 609 F.2d 1092, 1097 (4th Cir.1979), cert. denied, 446 U.S. 917 (1980); United States v. Poll, 538 F.2d 845 (9th Cir.), cert. denied, 429 U.S. 977 (1976). Additionally, there was evidence that Ahart filed the false return willfully. Ahart knew that he could claim zero withholding; yet, just as he had on his 1985 and 1986 returns, Ahart falsely claimed withholdings by his controlled corporation in excess of the amounts withheld. See United States v. Kim, 884 F.2d 189, 192 (5th Cir.1989) (willfulness may be inferred from pattern of underreporting income). Therefore, we find no abuse of discretion in the district court's decision to revoke Ahart's probation. See Burns v. United States, 287 U.S. 216, 222-23 (1932).
 
 
 10
 Ahart also argues that the district court erred in finding a Grade B violation under Sec. 7206, rather than a Grade C misdemeanor violation under 26 U.S.C.A. Sec. 7207 (West 1989). Because Ahart failed to raise this argument in the district court, we decline to address this issue.
 
 
 11
 See United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 502 U.S. 949 (1991).
 
 
 12
 After consideration of this case on the briefs on the government's motion, we affirm the district court's order revoking Ahart's probation and imposing a thirty-day sentence to be followed by a one year term of supervised release with a condition that three months of the supervision be spent in community confinement.
 
 AFFIRMED
 
 
 *
 Ahart's wife filed her returns separately and had taxes withheld from her salary