**STATE of Minnesota, Respondent,**

v.

**Randy Lee SCHMIDT, petitioner, Appellant.**

No. C5–99–346.

Supreme Court of Minnesota.

June 22, 2000.

Rehearing Denied July 24, 2000.

---

John M. Stuart, State Public Defender, Jodie L. Carlson, Assistant State Public Defender, Minneapolis, for appellant.

Mike Hatch, Attorney General, Thomas R. Ragatz, Assistant Attorney General, St. Paul, Boyd Beccue, Kandiyohi County Attorney, Constance Crowell, Kandiyohi Assistant County Attorney, Willmar, for respondent.

## OPINION

RUSSELL A. ANDERSON, Justice.

In this case the trial court set aside guilty verdicts prior to sentencing because a subdivision of the charging statute was declared unconstitutional. We consider whether Minn.Stat. § 609.035 (1996) or the Double Jeopardy Clauses of the Minnesota and United States Constitutions bar retrial by an amended complaint that charges the same conduct under a different subdivision of the charging statute.

The state charged appellant Randy Lee Schmidt with eight counts of stalking three alleged victims in violation of Minn.Stat. § 609.749, subd. 2(7) (1996).[1] The jury returned not guilty verdicts on three

---

1. This provision was significantly amended in 1998 to prohibit only "knowingly mak[ing] false allegations against a peace officer * * *." *See* Act of Apr. 6, 1998, ch. 367, art. 2, § 23, 1998 Minn. Laws 666, 696.

counts, all relating to one of the alleged victims, and the trial court entered judgments of dismissal. The jury also returned guilty verdicts on the five counts relating to the other two victims. Prior to sentencing, we held Minn.Stat. § 609.749, subd. 2(7) (1996) unconstitutional. *See* *State v. Machholz*, 574 N.W.2d 415, 422 (Minn.1998). The trial court dismissed three counts upon the defendant's motion and the remaining two after remand by the court of appeals. While appeal was pending, the state filed an amended complaint charging Schmidt under a separate subdivision of the statute but the trial court dismissed this complaint, concluding Minn.Stat. § 609.035 barred retrial. The state appealed and the court of appeals reversed. *See State v. Schmidt*, No. C5–99–346, 1999 WL 619005 (Minn.App. Aug.17, 1999). We affirm the court of appeals.

Beginning in the summer of 1996, M.N., who operated a daycare in her home, her 14–year–old daughter L.N., and their neighbor, 11–year–old J.S., noticed the same car driving repeatedly down their street. They testified that they saw this car as frequently as 15 times per day, three or four days a week, often in the afternoon when they were playing outside with the daycare children. At times the driver would slow and stare at J.S. in particular. M.N.'s brother testified that he recognized the driver as a man he had previously encountered at work. The driver's activities stopped in the fall of 1996 but resumed again in June 1997, and J.S.'s father reported the incidents to the police. The police asked M.N.'s brother to look at a photo line-up and he picked Schmidt out of the line-up. The police also set up a surveillance and watched Schmidt circle through the neighborhood, passing the alleged victims' homes.

The state charged Schmidt with eight counts of stalking or harassing M.N., L.N., and J.S. in violation of Minn.Stat. § 609.749, subd. 2(7) (1996). The first three counts alleged that Schmidt engaged in a pattern of harassing conduct against each alleged victim in violation of subdivisions 2(7) and 5(a) of section 609.749. Subdivision 2(7), a "catch-all" misdemeanor provision, prohibited "any other harassing conduct that interferes with another person or intrudes on the person's privacy or liberty." Minn.Stat. § 609.749, subd. 2(7). Subdivision 5(a) enhances a subdivision 2 misdemeanor to a felony when "[a] person * * * engages in a pattern of harassing conduct * * * that would cause a reasonable person under the circumstances to feel terrorized or to fear bodily harm and that does cause this reaction on the part of the victim * * *." Minn.Stat. § 609.749, subd. 5(a) (1996).[2] The fourth and fifth counts, relating to J.S. and L.N., alleged that Schmidt violated subdivision 2(7) as well as subdivision 3(5), which enhances to a felony "any offense described in subdivision 2 against a victim under the age of 18, if the actor is more than 36 months older than the victim." Minn.Stat. § 609.749, subd. 3(5) (1998). Finally, counts six, seven and eight, relating to J.S., M.N., and L.N., alleged that Schmidt violated subdivision 2(7) as well as subdivision 4, which enhances to a felony a violation of subdivision 2 when the actor has been convicted of certain offenses within the previous ten years. *See* Minn.Stat. § 609.749, subd. 4 (1998).

A Kandiyohi County jury returned not guilty verdicts on the three counts relating to L.N. (counts three, five, and eight) and guilty verdicts on the five counts relating to J.S. and M.N. (counts one, two, four, six, and seven).[3] Before the date set for sen-

---

**2.** Subdivision 5(a) was amended in 1997 to require that the actor know or have reason to know his or her conduct would cause the victim to feel terrorized or to fear bodily harm. Previously the statute required that the actor's conduct would cause a reasonable person to feel terrorized or to fear bodily

harm. *See* Act of May 6, 1997, ch. 96, § 9, 1997 Minn. Laws 694, 701.

**3.** The court ordered the entry of judgments of conviction on counts relating to J.S. and M.N. and of dismissal on counts relating to L.N.

tencing, we issued our decision in *State v. Machholz* that subdivision 2(7) of section 609.749 is unconstitutionally overbroad on its face and as applied because it impinges on rights protected by the First Amendment. 574 N.W.2d at 421. Schmidt moved for acquittal or a new trial on the ground that he was tried under an unconstitutional statute. The trial court concluded that subdivision 5(a) of section 609.749, which requires proof of conduct that would and did cause the victim to feel terrorized or fear great bodily harm, contains sufficiently narrow language, when applied with subdivision 2(7), to render subdivision 2(7) constitutional. But because the jury instructions contained language from subdivision 2(7), the trial court ordered a new trial on counts one and two of the original complaint, which alleged a pattern of harassment against M.N. and J.S. in violation of subdivisions 2(7) and 5(a). As to the other remaining counts (four, six, and seven), the court set aside the verdicts and dismissed the charges pursuant to *Machholz.*

Schmidt appealed the order for a new trial and the court of appeals reversed and remanded, concluding that *Machholz* did not permit retrial of counts one and two of the original complaint. While this initial appeal was pending, the state filed an amended complaint with the trial court, charging Schmidt with two counts of stalking M.N. and J.S. in violation of Minn.Stat. § 609.749, subd. 2(2) (1998)[4] and Minn. Stat. § 609.749, subd. 5(a) (1996). The amended complaint thus contains charges similar to counts one and two of the original complaint, which also charge Schmidt under subdivision 5(a). Following remand from this initial appeal, Schmidt moved for dismissal of the amended complaint, arguing that the Double Jeopardy Clause and Minn.Stat. § 609.035 preclude retrial. The trial court granted the motion, reasoning that the state should have charged Schmidt under subdivision 2(2) in the orig-

inal complaint and could not retry him for the same conduct. Additionally, the trial court ordered the entry of a judgment of "acquittal" of counts one and two of the original complaint.

The state appealed and the court of appeals reversed and remanded. *See Schmidt,* 1999 WL 619005, at *4. The court of appeals held that the trial court erred in concluding that retrial was barred because there was no resolution, by conviction or acquittal, of counts one and two of the original complaint and therefore the amended complaint merely continued an incomplete prosecution. *See id.* at *3. The court also held the Double Jeopardy Clauses of the Minnesota and United States Constitutions do not bar retrial as Schmidt requested posttrial relief from the trial court on a basis other than insufficient evidence. *See id.* at *4.

Schmidt argues before this court that as the trial court convicted or acquitted him on all counts of the original complaint, retrial for offenses arising from the same conduct would constitute serialized prosecution in violation of Minn.Stat. § 609.035. He further argues that the Double Jeopardy Clauses of the Minnesota and United States Constitutions bar retrial because he did not seek to overturn his convictions merely due to trial error.

I.

 In reviewing this pretrial appeal, we will reverse the order of the trial court only if the state demonstrates clearly and unequivocally that the trial court erred and its error will have a critical impact on the outcome of the case. *See State v. Kim,* 398 N.W.2d 544, 547 (Minn.1987). We review the legal questions presented by this appeal de novo. *See State v. Leroy,* 604 N.W.2d 75, 77 (Minn.1999).

 Schmidt argues that retrial under the amended complaint would violate the Double Jeopardy Clauses of the

---

4. Subdivision 2(2) prohibits harassing another person by stalking, following, or pursuing that person. *See* Minn.Stat. § 609.749, subd. 2(2) (1998).

Minnesota and United States Constitutions.[5] We disagree. We have held that, where a defendant appeals a conviction, retrial is appropriate unless the conviction is overturned on the basis of insufficient evidence. *See State v. Harris,* 533 N.W.2d 35, 36 (Minn.1995). Further, we find persuasive the reasoning of the Maine Supreme Court that, where a conviction is overturned on appeal due to the unconstitutionality of the charging statute, prosecuting the defendant under a different statute is not the sort of governmental oppression against which double jeopardy was intended to protect criminal defendants. *See State v. DeRoehn,* 510 A.2d 1076, 1077 (Me.1986). Here, as in the *DeRoehn* case, Schmidt sought to have the jury's guilty verdicts set aside due to the unconstitutionality of the charging statute. *Id.* Double jeopardy does not require that Schmidt be allowed to avoid prosecution simply because the statute under which he was originally charged and tried was declared unconstitutional. We hold that the Double Jeopardy Clauses of the Minnesota and United States Constitutions do not bar retrial of Schmidt under the amended complaint.

## II.

■ Schmidt also argues that Minn. Stat. § 609.035 bars retrial. Minnesota Statutes § 609.035 states that, where multiple offenses arise from a single behavioral incident, a conviction or acquittal for one offense bars prosecution for any additional offense:

> [I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

Minn.Stat. § 609.035, subd. 1 (1996).[6] The single behavioral incident statute protects criminal defendants from both multiple prosecutions and multiple sentences for offenses resulting from the same behavioral incident. *See State v. Johnson,* 273 Minn. 394, 397, 141 N.W.2d 517, 520 (1966). We explained in *Johnson* that the "drafters, as well as the legislature, intended * * * to broaden the protection afforded by our constitutional provisions against double jeopardy." *Id.* at 400, 141 N.W.2d at 521. We noted the advisory committee comment that allowing serialized prosecution for offenses arising from a single behavioral incident would "in a sense, defeat the policy underlying the constitutional protection against double jeopardy." *Id.* at 399, 141 N.W.2d at 521.

■ In determining whether a course of conduct consists of a single behavioral incident, we have considered the factors of time and place and also whether the conduct was motivated by an effort to obtain a single criminal objective. *See id.* at 404, 141 N.W.2d at 524. We conclude the trial court did not err in its conclusion that the offenses charged in the original and amended complaints arose from a single behavioral incident because the description of Schmidt's conduct in the probable cause portion of the two complaints is identical. All of the conduct described in the complaints occurred on the street in front of the alleged victims' homes; both complaints set forth the same events during the course of a single time period beginning in the summer of 1996 and ending in June of 1997; and the alleged conduct was directed toward a single criminal objective of harassing the victims.

We next turn to the question of whether Schmidt was convicted or acquitted on any count within the meaning of section 609.035. There are four distinct points in the trial record that we examine: (1) the jury's guilty verdicts on the counts relating to M.N. and J.S. (counts one, two, four, six,

---

**5.** *See* U.S. Const. amend. V; Minn. Const. art. I, § 7.

**6.** The statute contains exceptions for certain offenses not relevant here.

and seven) and the trial court's initial order to enter a judgment of guilty as to these counts, (2) the jury's not guilty verdicts on the counts relating to L.N. (counts three, five, and eight) and the trial court's order dismissing these counts, (3) the trial court's subsequent order dismissing counts four, six, and seven, and (4) on remand, the trial court's order to enter a judgment of "acquittal" on counts one and two of the original complaint.

■ We first consider whether the jury's guilty verdicts on the counts relating to M.N. and J.S. and the trial court's order to enter a judgment of guilty on these counts resulted in convictions that bar retrial. We have held that where a conviction was set aside due to the defendant's withdrawal of an agreement with the state, the conviction was never final and thus section 609.035 does not bar prosecution of charges arising from the same conduct. *See State v. Spaulding*, 296 N.W.2d 870, 875 (Minn.1980). In *Spaulding*, the state and the defendant had agreed to a trial on stipulated facts as to one charge, and the dismissal of other charges. *Id.* at 872. The defendant was convicted but later moved for postconviction relief based on improper waiver of the right to a jury trial. *See id.* at 872–73. After the defendant's conviction was overturned, the state moved to reinstate the dismissed charges. *See id.* at 873. We held retrial of the reinstated charges was not serialized prosecution in violation of section 609.035 and did not violate the defendant's due process rights. *See Spaulding*, 296 N.W.2d at 875. Here Schmidt sought to set aside the guilty verdicts and, though the state's amended complaint contains charges that are not identical to those in the original complaint, the state did not charge Schmidt with additional offenses or offenses involving a greater penalty. We therefore hold there was no final conviction that would bar retrial under the amended complaint.

■ We next evaluate whether any ruling of the trial court acquitted Schmidt on any count of the complaint. Whether an order constitutes an acquittal depends upon its substance and not merely its form. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). We consider whether "the ruling of the judge, whatever its label, actually represents a resolution [in defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *State v. Large*, 607 N.W.2d 774, 779 (Minn.2000) (quoting *United States v. Scott*, 437 U.S. 82, 97, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978)). We also look behind the label to determine whether the trial court's order relates to the issue of the defendant's factual guilt or innocence. *See State v. Abraham*, 335 N.W.2d 745, 748 (Minn.1983). An acquittal goes to the merits of the case. *See State v. Gurske*, 395 N.W.2d 353, 356 (Minn.1986); *see also* Minn.Stat. § 630.32 (1998).

■ The jury's not guilty verdicts on the counts relating to L.N. and the trial court's order dismissing these counts clearly acquitted Schmidt on these counts because the jury made a factual determination as to his guilt or innocence. In contrast, the subsequent orders dismissing counts four, six, and seven and entering an "acquittal" on counts one and two were not acquittals regardless of how the trial court labeled them. These orders were based on the court's resolution of a legal issue – the constitutionality of the charging statute – and, especially in light of the jury's guilty verdicts on these counts, did not involve any weighing of the facts. The court therefore did not reach the merits of these charges.

■ Thus, the trial court did not enter a final conviction on any count of the complaint and acquitted Schmidt only on the counts relating to L.N. The question then is whether these acquittals bar retrial on charges arising from the same behavioral incident but relating to different victims.

■ We note initially that section 609.035 requires one prosecution for all offenses arising from the same conduct

with the offenses charged as separate counts of the complaint and one punishment for such offenses. *See Johnson*, 273 Minn. at 406, 141 N.W.2d at 525. We have permitted an exception to section 609.035, however, in cases involving multiple victims. Where offenses with multiple victims arise from the same behavioral incident, we uphold the imposition of one sentence per victim if this would not result in "punishment grossly out of proportion to the defendant's culpability."[7] *Bangert v. State*, 282 N.W.2d 540, 547 (Minn.1979); *see also State v. Williams*, 337 N.W.2d 387, 390 (Minn.1983). We are persuaded that in these circumstances a similar limitation applies to the protection against serialized prosecution set forth by section 609.035. *See generally State v. Gilbert*, 262 N.W.2d 334, 338 (Minn.1977). Here the state filed an amended complaint charging Schmidt under a separate subdivision of section 609.749 with offenses against M.N. and J.S. that arose from the same conduct as the offenses charged in the original complaint. But the trial court acquitted Schmidt only of offenses relating to the alleged victim L.N.; the jury in fact returned guilty verdicts as to offenses involving alleged victims M.N. and J.S. Further, the state in its amended complaint did not charge Schmidt under a subdivision with greater penalties or charge him with additional offenses and therefore the amended complaint clearly is not retaliatory. *See State v. Alexander*, 290 N.W.2d 745, 748–49 (Minn.1980). On these facts we hold that section 609.035 does not preclude retrial under the amended complaint.

We hold that neither section 609.035 nor the Double Jeopardy Clauses of the Minnesota or United States Constitutions preclude retrial under the amended complaint. Thus, we conclude the state has demonstrated clearly and unequivocally that the trial court erred when it dismissed the amended complaint and that this error will have a critical impact on the outcome of the case.

Affirmed.

---

7. The Minnesota Sentencing Guidelines also permit consecutive sentences for multiple current felonies against different victims. *See* Minnesota Sentencing Guidelines II.F.