*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1659**

State of Minnesota,
Respondent,

vs.

Momat Ali Jagne,
Appellant.

**Filed September 8, 2015
Affirmed
Reilly, Judge**

Ramsey County District Court
File No. 62-CR-14-320

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Schellhas, Presiding Judge; Hudson, Judge; and Reilly, Judge.

# UNPUBLISHED OPINION

**REILLY**, Judge

        Appellant Momat Ali Jagne challenges his convictions of felony violation of an order for protection (OFP), arguing that the evidence is legally insufficient to prove

beyond a reasonable doubt that he violated the OFP and also arguing that the district court erred in its sentencing decision. We affirm.

## FACTS

Appellant and S.R.J. were married in 2009 and have a two-year-old daughter, F.I.J. S.R.J. has four other children aged 7, 10, 11, and 13. By December 2013, appellant and S.R.J. were separated and S.R.J. was living in a home in St. Paul with her five children and her mother. On December 4, appellant arrived at S.R.J.'s house and she refused to let him inside. Appellant started to bang and spit on the window. S.R.J. asked appellant not to return to the house. During the day on December 22, appellant entered the house and took a space heater from the children's room. Upon finding the space heater missing, S.R.J. called appellant on the telephone and told him not to come to the house. Later that night, appellant entered the house, yelled at S.R.J., and shoved the space heater at her. Based on these incidents, S.R.J. petitioned the district court for an OFP. The district court issued an OFP on December 24, effective for a two-year period and providing the following relief:

> [Appellant] must not physically harm, injure, or assault [S.R.J. and F.I.J.] or do anything to cause fear of physical harm, injury, or assault.

> [Appellant] must not have any contact with [S.R.J.] or the minor child(ren), whether in person, by telephone, mail, or electronic mail or messaging, through a third party, or by any other means.

> [Appellant] must not enter [S.R.J.'s] residence . . . [and] . . . shall stay away from [S.R.J.'s] residence.

2

> [Appellant] shall not enter within a two city block or ¼ mile radius, whichever is greater and in all directions, of [S.R.J.'s] current or future home.

At approximately 3:00 a.m. on January 12, 2014, S.R.J. was sitting in the dining room with her mother, F.I.J., and her then 13-year-old daughter, M.S.  S.R.J.'s other three children were sleeping.  M.S. and S.R.J. saw appellant looking through the window into the house.

M.S. and S.R.J. went through the house checking to make sure the doors and windows were locked because they were afraid appellant was going to come inside. S.R.J.'s mother observed appellant's car parked approximately one-half  block away from the house.  S.R.J. called the police.  Appellant "jiggled" the door handle and then began walking away from the house.

St. Paul police officers arrived at the house within "a matter of minutes" of S.R.J.'s emergency call.  S.R.J. showed the officers the OFP and provided them with appellant's name and physical description.  The officers located appellant one-half block away from the house and placed him under arrest for violating the OFP.  The state charged appellant with two counts of felony violation of an OFP in violation of Minn. Stat. § 518B.01, subd. 14(a) (2012), one count pertaining to S.R.J. and one count pertaining to F.I.J.  The charges were felony-level offenses based on appellant's prior convictions of qualified domestic-violence-related offenses.  The case proceeded to trial in April 2014 and the jury convicted appellant of both offenses.  The district court sentenced appellant to two concurrent prison sentences of 18 months and 21 months.  The

district court stayed the sentences and placed appellant on probation. This appeal followed.

**D E C I S I O N**

**I.**

Appellant argues that the evidence was insufficient to support the jury's verdict finding him guilty of violating the OFP. Because direct evidence in the record supports appellant's convictions, we disagree.

Our review of a sufficiency-of-the-evidence challenge is "limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. DeRosier*, 695 N.W.2d 97, 108 (Minn. 2005). We assume "that the jury believed all of the state's witnesses and disbelieved any evidence to the contrary." *State v. Chambers*, 589 N.W.2d 466, 477 (Minn. 1999). "We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was proven guilty of the offense charged." *State v. Nelson*, 812 N.W.2d 184, 187 (Minn. App. 2012).

Appellant argues that the evidence is insufficient to prove that he had contact with S.R.J. or F.I.J. under the meaning of the word "contact," because he did not touch them, he was not in their immediate proximity because they were separated by a "locked door and wall," and he did not communicate with them. Appellant relies on *State v. Phipps*, in which this court determined that a "no contact" provision was not unconstitutionally

4

vague on its face and defined "contact" as: "a coming together or touching, as of objects or surfaces, the state or condition of touching or of immediate proximity, or connection or interaction; communication." 820 N.W.2d 282, 286 (Minn. App. 2012) (quotations omitted). Appellant concedes that the evidence demonstrates that he went to the home, looked through the window, and jiggled the door handle. However, appellant contends that his presence "outside of the house and jiggling the door handle does not amount to him having 'contact' with S.R.J. or F.I.J."

Appellant's argument ignores that the OFP is not limited to physical contact between appellant and the protected parties. While the OFP prohibited contact between appellant and S.R.J. and the minor children, it also prohibited appellant from "do[ing] anything to cause fear of physical harm, injury or assault" to the protected persons, ordered appellant to "stay away" from the residence, and prohibited him from entering "within a two city block of ¼ mile radius" of the residence. S.R.J. and M.S. testified that appellant parked his car one-half block away from S.R.J.'s residence, walked up to the house, looked through the window next to the entry door, and jiggled the door handle. It is uncontested that this constitutes a violation of the prohibition to "stay away" from S.R.J.'s home. The police officers testified that they arrived at the house within a matter of minutes of S.R.J.'s emergency call and found appellant walking about one-half block away from the house, within a two city block radius of the property. The jury credited the testimony from S.R.J., M.S., and the St. Paul police officers and we accord due deference to the jury's credibility determinations. *See State v. Cooper*, 561 N.W.2d 175, 179 (Minn. 1997) (providing that a jury is in the best position to evaluate the credibility

5

of witnesses and weigh the evidence). The witness testimony establishes the elements of the charged crimes and is therefore sufficient to support the jury's verdict that appellant violated the terms of the OFP.

**II.**

Appellant argues that one of his convictions must be vacated because his behavior "was one criminal act" and therefore only supports one conviction and one sentence. Generally, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." Minn. Stat. § 609.035 (2012). But this rule does not "immunize" a defendant from "the consequences of separate crimes intentionally committed in a single episode against more than one individual," *State v. Ferguson*, 808 N.W.2d 586, 589 (Minn. 2012), and we therefore recognize an exception to section 609.035 in cases involving multiple victims. *State v. Schmidt*, 612 N.W.2d 871, 878 (Minn. 2000). Whether an offense is subject to multiple sentences is a question of law subject to de novo review. *Ferguson*, 808 N.W.2d at 590. We determine that the district court did not err in applying the multiple-victim exception.

Multiple sentences for convictions arising out of a single behavioral incident may be imposed if: (1) the offenses involve multiple victims, and (2) multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct. *State v. Marquardt*, 294 N.W.2d 849, 850-51 (Minn. 1980). The first factor is easily satisfied, as it is uncontested that S.R.J. and her five minor children were in the home when appellant

6

arrived and the offense involved multiple victims. Under the second factor, "we will uphold the imposition of one sentence per victim if this would not result in punishment grossly out of proportion to the defendant's culpability." *Schmidt*, 612 N.W.2d at 878. The evidence in the record reveals that appellant approached S.R.J.'s home at 3:00 a.m., looked through the window into the house, and attempted to open the door. S.R.J. was scared that appellant was going to try to enter the house and F.I.J. was with S.R.J. at this time. Given these facts, we conclude that application of the multiple-victim exception does not unfairly exaggerate the criminality of appellant's conduct.

Moreover, we hold that the district court did not abuse its discretion in sentencing appellant separately on his convictions of violating the OFP. We review a district court's sentencing decision for an abuse of discretion. *State v. Ford*, 539 N.W.2d 214, 229 (Minn. 1995). The district court sentenced appellant to prison sentences of 18 months and 21 months for S.R.J. and F.I.J., respectively. Under the multiple-victim exception, the district court ordered the sentences to run concurrently and then stayed the sentences and placed appellant on probation. The district court's sentencing decision does not constitute an abuse of discretion and we therefore affirm.

**Affirmed.**